REIDUN STRØMSHEIM # 104938
STROMSHEIM & ASSOCIATES
Four Embarcadero Center, 39th Floor
San Francisco, California 94111
Telephone: (415) 989-4100
Fax: (415) 989-2235
rstromsheim@stromsheim.com
jcinq-mars@stromsheim.com

Attorneys for Trustee,
CAROL W. WU

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>DARWYN MICHAEL SOUTAS<br><br>SSN xxx xx 5210<br><br>          Debtor | Case No. 09-54261 ASW<br><br>Chapter 7<br><br>Date: December 13, 2013<br>Time: 1:45 p.m.<br>Judge: Hon. Arthur S Weissbrodt<br>Location: Courtroom 3020 |

### DECLARATION OF MICHAEL GABRIELSON, CPA, IN SUPPORT OF TRUSTEE'S OBJECTION TO CLAIM
**(Claim No. 19 - Internal Revenue Service)**

I, Michael Gabrielson, hereby declare:

1. I am a certified public accountant, and have been employed by Carol W. Wu ("Trustee"), trustee of the above referenced bankruptcy estate. The information given herein is based on my personal knowledge as such, and if called as a witness, I would and could testify competently hereto.

2. I have reviewed the priority claim for taxes in the amount of $180,380.38 ("Claim No. 19") filed by the Internal Revenue Service ("IRS") on February 28, 2013, and have concluded that the claim contains major errors, and should be disallowed.

3. I have confirmed that the Debtor elected to file a short year May 30, 2009 income

tax return under his social security number as allowed under IRC Section 1398. The Debtor also appears to have properly included all post-petition earnings from his insurance brokerage business in 2010 and 2011 Chapter 11 bankruptcy estate tax returns until conversion on September 6, 2011 using a separate bankruptcy estate federal identification number. The Bankruptcy Code requires that all earnings of the Debtor in a chapter eleven proceeding are property and earnings of the chapter eleven bankruptcy estate, not the individual Debtor separate and apart from his chapter eleven estate.

4. I have been in contact with the Internal Revenue Service, which has indicated that the 2010 and 2011 bankruptcy estate tax returns have been filed and all tax liabilities paid in full. No claim has been filed for the bankruptcy estate under its separate federal identification number. The Internal Revenue Service filed Claim 19 for perceived administrative taxes against the debtor under his social security number for the periods May 30, 2009 and calendar years 2010, 2011 and 2012.

5. I have concluded that Claim No. 19 is in error, for the following reasons:

**First:** The claim includes the short year ended May 30, 2009 tax liability which is a priority pre-petition tax claim, not an administrative claim of the Chapter 11 estate. This amount should be re-characterized as a pre-petition claim.

**Second:** The claim includes a tax liability for the calendar tax year 2012, a tax period occurring after the case was converted to chapter seven on September 6, 2011. Any personal tax liability for the Debtor under his social security number after September 6, 2011 would be taxes on income belonging to the debtor, not the Chapter 7 bankruptcy estate.

**Third:** The 2010 and 2011 tax assessments on the claim represent an erroneous double taxation of insurance brokerage income already included in properly filed 2010 and 2011 bankruptcy estate tax returns under the separate estate federal identification number.

The Bankruptcy Unit of the Internal Revenue Service has confirmed that the 2010 and 2011 taxes per their claim are based on the same Forms 1099 for debtor's insurance brokerage business which were included in the bankruptcy estate tax returns under the separate federal identification number. While it is possible the Forms 1099 incorrectly used the Debtor's social

security number, this was factually income of the bankruptcy estate required to be reflected on bankruptcy tax returns, not personal income of the debtor separate and apart from his chapter eleven bankruptcy estate. No separate personal tax returns have been filed by the Debtor under his social security number which would explain the amounts included in this claim.

I declare under penalty of perjury that the foregoing is true and correct, unless stated on information and belief, and as to those matters I believe them to be true.

Executed in the state of California on November 11, 2013.

By /s/ Michael Gabrielson
Accountant for Carol W. Wu, Trustee